UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| CIRO GONZALEZ, | Case No. 3:25-cv-00036-ART-CSD |
|---|---|
| Plaintiff | **ORDER** |
| v. | |
| MELISSA KNOX, et al., | |
| Defendants | |

**I.   DISCUSSION**

Plaintiff, who is an inmate in the custody of Elko County, initiated this case with a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1). Plaintiff subsequently filed another document titled civil rights complaint. (ECF No. 3). The Court will not piecemeal Plaintiff's complaint together from multiple filings. Plaintiff's operative complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. The Court notes that "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

The complaint filed at ECF No. 3 is not on this Court's approved form, it does not contain substantially all the information called for by this Court's approved form, and Plaintiff did not sign it. The Court cannot accept this unsigned complaint as the operative complaint in this case. The Court gives Plaintiff leave to file a single, complete, first amended complaint, including all the claims that Plaintiff wishes to bring in this case, on or before August 25, 2025.

If Plaintiff does not file a single, complete, first amended complaint, the Court will screen Plaintiff's initial complaint, and will not consider any allegations in Plaintiff's second, unsigned complaint. If Plaintiff chooses to file a first amended complaint, he is

advised that an amended complaint supersedes (replaces) any previously filed complaints, and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Plaintiff's first amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the first amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

## II.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff is granted leave to file a single, complete, first amended complaint. If Plaintiff chooses to file a first amended complaint, Plaintiff will file the first amended complaint on or before **August 25, 2025**.

IT IS FURTHER ORDERED that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a courtesy copy of both of his complaints (ECF Nos. 1-1, 3). If Plaintiff chooses to file a first amended complaint, he must use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff does not timely file a first amended complaint, the Court will screen Plaintiff's initial complaint and will not consider any allegations in his second complaint.

DATED THIS 25th day of July 2025.



UNITED STATES MAGISTRATE JUDGE